UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00087-MR

| GEORGE REYNOLD EVANS, | ) |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TODD E. ISHEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1-1] filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A, and Plaintiff's Motion to Amend or Supplement [Doc. 1-6 at 12-18]. Defendants paid the filing fee in this matter on removal from the Superior Court of Avery County. [3/28/2023 Docket Entry].

**I.    BACKGROUND**

Pro se Plaintiff George Reynold Evans ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Lumberton Correctional Center in Lumberton, North Carolina. He filed this action on April 14, 2022, in the Superior Court of Avery County, North Carolina, against Defendants Todd Ishee, identified as the Director of the North Carolina Department of

Public Safety;[1] Mark Slagle, identified as the Warden at Mountain View Correctional Institution (MVCI); Robert Mask, identified as an Assistant Unit Manager at MVCI; and Kella Phillips, identified as a Unit Manager at MVCI. [Doc. 1-1 at 4]. Plaintiff purports to sue each Defendant in their official capacities for injunctive and declaratory relief and in their individual capacities for damages and injunctive and declaratory relief. [Id. at 2-5]. Plaintiff alleges as follows.

Defendant Slagle, as Unit Manager, was responsible for enforcing NCDAC policy. He was aware that his employees were shredding grievances and he "took no action" after Plaintiff sent him a grievance to be processed after Slagle's "staff" refused it. [Id. at 3]. Defendant Slagle operates a "very prejudice unit" at MVCI "without any guidance and control from the administration in Raleigh." [Id. at 8]. Plaintiff notified Defendant Mask about a grievance Plaintiff had filed. Defendant Mask told Plaintiff that he never received it and that "this happen[s] all the time." [Id. at 4]. Defendant Phillips has failed to process grievances "on many occasion[s]," claiming she never received them. Defendant Phillips has been seen shredding grievances, violating NCDAC policy and Plaintiff's "rights to free

---

[1] The North Carolina Department of Public Safety is now called the North Carolina Department of Adult Corrections (NCDAC) and the Court will refer to it accordingly.

2

speech." [Id. at 4]. Plaintiff notified Defendant Ishee at least four times that Defendants Slagle, Mask, and Phillips' "activity" violated Plaintiff's constitutional rights and NCDAC policy and Defendant Ishee "took no action to make changes" or enforce existing policy. [Id. at 3]. Defendant Ishee should know about the problems with the grievance process at MVCI given the number of complaints by inmates, staff, parents, and family members of inmates. [Id. at 8]. "[S]ome of the defendants" intimidated and threatened Plaintiff. On two occasions Plaintiff was surrounded by Defendants Mask and Phillips and other officers in an office without a camera and intimidated. [Id.].

Generally, the grievance system is set up to discourage inmates from using it and "to stop the plaintiff from filing grievance of any kind, period." [Id. at 6]. The "prison system" allows MVCI to operate its grievance system in such a way as to deny Plaintiff access to the Courts and "its policy are carried out in a racist way." [Id.]. The systematic staffing problem throughout the North Carolina prison system puts his "health and safety at risk and his rights to access the courts by way of grievance." [Id.]. The purpose of the grievance process is "to correct whatever one is complaining about in the first place" and proceed through the process before accessing the court system. [Id.]. Defendants are denying Plaintiff access to the courts by claiming they have

not received his grievances when they are actually shredding them. [Id. at 7]. At the time of his Complaint, Plaintiff had been at MVCI for about four months and had only been able to file two grievances. [Id.].

Plaintiff purports to bring his Complaint pursuant to N.C. Gen. Stat. § 148-118.2(b), which requires a prisoner to exhaust administrative remedies as set forth in 42 U.S.C. § 1997(e)(a) before a State court can "entertain a prisoner's grievance or complaint which falls under the purview of the Administrative Remedy Procedure." N.C. Gen. Stat. § 148-118.2(b). [Id. at 1]. Plaintiff claims that Defendants violated his rights under Article I, sections 1, 14, and 19 of the North Carolina Constitution and the First Amendment rights to free speech and to the redress of grievances, the Eighth Amendment right to be free from cruel and unusual punishment, and the Due Process clause of Fourteenth Amendment. [Id. at 2].

For injuries, Plaintiff alleges that he has been prevented from filing all the grievances he wants to file. [See id. at 7]. For relief, Plaintiff seeks enforcement of the NCDAC grievance policy at MVCI; preliminary and permanent injunctions preventing Defendants from "continuing to violate the Constitution;" compensatory, punitive, and nominal damages; and "other equitable relief." [Id. at 10]. Plaintiff also purports to seek a declaration "that defendant's [*sic*] policies and practices violate the [C]onstitution." [Id.].

4

Case 1:23-cv-00087-MR    Document 6    Filed 05/25/23    Page 4 of 14

On March 24, 2023, Defendants filed a Notice of Removal of this action from the Superior Court of Avery County and paid the filing fee. [Doc. 1; 3/24/2023 Docket Entry]. The Court granted Defendants' motion for an extension of time to answer Plaintiff's Complaint until May 30, 2023. [Doc. 4; 3/28/2023 Text Order].

## II. STANDARD OF REVIEW

Notwithstanding Defendants' payment of the filing fee the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A(a), the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff here claims that his First, Eighth, and Fourteenth Amendment rights were violated. He also claims violation of his rights under North Carolina law and NCDAC policy. Plaintiff's Complaint fails initial review for several reasons.

#### A. Injunctive Relief and Official Capacity Claims

Plaintiff seeks injunctive relief against Defendants in their official capacities.[2] Plaintiff, however, has been transferred from MVCI to Lumberton CI. Thus, Plaintiff's claims for injunctive relief are moot and will be dismissed. Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007). Because Plaintiff's claims for injunctive relief are moot and because state officials cannot be

---

[2] Plaintiff also purports to seek a declaration that Defendants – in their official capacities – violated his constitutional rights. This is not declaratory relief at all, see Douros v. State Farm Fire & Cas. Co., 508 F.Supp.2d 479, 482 (E.D. Va. Jun. 12, 2007), and the Court will not address it further.

6

Case 1:23-cv-00087-MR   Document 6   Filed 05/25/23   Page 6 of 14

sued in their official capacities for damages under 42 U.S.C. § 1983, Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019), Plaintiff has failed to state a claim for relief against Defendants in their official capacities and these claims will also be dismissed.

### B. First Amendment

Plaintiff alleges that Defendants violated his right of free speech and of access to the courts by failing to properly process his grievances. While a prisoner does not completely sacrifice his right to free speech, this right is necessarily diminished by his incarceration. Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 125, 97 S.Ct. 2532 (1977). Prisoners retain First Amendment rights not inconsistent with their status as prisoners or the legitimate penological objectives of the corrections system. Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800 (1974). Prisoners have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018). However, "there is no constitutional right to participate in grievance proceedings." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (citation omitted). See Booker v. S.C. Dep't of Corr., 855 F.3d 533, 542 (4th Cir. 2017) (noting that, in Cameron v. Bonney, 523 Fed. App'x 969, 970 (4th Cir. 2013), the Fourth Circuit properly

7

applied Adams in rejecting inmate's claim that his constitutional rights were violated when he was denied access to a grievance form). See Brown v. Dep't of Public Safety and Corr'l Srvs., 383 F.Supp.3d 519, 543 (D. Md. May 13, 2019) ("The plaintiffs purported exclusion from the grievance process does not give rise to a constitutional claim.").

Here, Plaintiff alleges that Defendant Phillips failed "on many occasions to process grievance [*sic*]," claiming to have never received them. Plaintiff also alleges that Defendant Phillips "was seen shredding grievances" and "shredded grievance which … denied the plaintiff's constitution rights to free speech." Plaintiff alleges that Defendant Slagle was aware of his staff shredding grievances and that he took no action. Plaintiff alleges that he notified Defendant Ishee on at least four occasions "of the defendants Slagle, Mask and Phillips activity" and took no action. Finally, Plaintiff alleges that he notified Defendant Mask that he filed a grievance and Defendant Mask told Plaintiff he had not received it. Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has failed to state a First Amendment free speech claim. The Court can discern no meaningful difference between denying grievance forms or the denial of meaningful access to grievance procedures and ignoring or shredding completed grievance forms.

Nonetheless, prisoners must have meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824-25 (1977). "Meaningful access" does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), *aff'd*, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has failed to state a First Amendment claim based on the denial of access to the courts. Plaintiff simply alleges that he was only able to file two grievances during a four-month period at MVCI.

9

Moreover, exhaustion of administrative remedies is excused where a plaintiff shows that such remedies were unavailable through no fault of his own. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). This claim will be dismissed.

### C. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The law is well-established, however, that taunting comments, slurs, threats, and other verbal harassment by correctional facility staff, without more, are not actionable under § 1983. Wilson v. United States, 332 F.R.D. 505, 520 (S.D. W.Va. Aug. 19, 2019) (collecting cases). Plaintiff alleges only that Defendants Mask and Phillips intimidated the Plaintiff and, on two occasions, "some" Defendants intimidated and threatened Plaintiff. Plaintiff has plainly failed to state a claim under the Eighth Amendment.

### D. Fourteenth Amendment

Plaintiff alleges that Defendants' conduct violated his Fourteenth Amendment due process rights, presumably based on their alleged mishandling of Plaintiff's grievances. To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty,

10

Case 1:23-cv-00087-MR   Document 6   Filed 05/25/23   Page 10 of 14

or property" by governmental action.  Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997).  Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  There is no independent constitutional right of access to or liberty interest in grievance procedures in prison. Booker, 855 F.3d at 542.  As such, taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a claim for violation of his Fourteenth Amendment due process rights.

Plaintiff also vaguely alleges that Defendant Slagle operates a "very prejudice unit" at MVCI and that "its policy are carried out in a racist way." To state an equal protection claim, Plaintiff must allege that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).  In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d

11

569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). Even taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has failed to state a claim for violation of his Fourteenth Amendment equal protection rights. This claim will also be dismissed.

### E. Plaintiff's Other Claims

Plaintiff claims that Defendants violated his rights under the North Carolina Constitution and pursuant to N.C. Gen. Stat. § 148-118.2(b). The Court declines to exercise supplemental jurisdiction over these claims because no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, these claims are also dismissed.

Plaintiff also claims that Defendants violated NCDAC policy. This claim also fails. There is no cause of action under § 1983 for violation of policy. Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. Jan. 9, 1992) ("[Section 1983] guarantees a person's *constitutional* rights against violation by state actors. It does not provide any relief against prison rule violations assuming, *arguendo*, that such a violation occurred.") (emphasis in original). The Court,

therefore, will dismiss any claim independently based on the violation of policy.

Because none of Plaintiff's claim survive initial review, the Court will allow Plaintiff an opportunity to amend his Complaint to state a claim for relief, if the facts support such amendment.

## IV. PLAINTIFF'S MOTION TO AMEND

Before this action was removed by Defendants, Plaintiff moved to amend his Complaint to add two additional Defendants, Dexter Gibbs and FNU Hughes, both identified as MVCI officials. [Doc. 1-6 at 12-18]. Plaintiff, however, failed to submit a proposed Amended Complaint setting forth all the claims he seeks to assert against all Defendants he intends to sue in this action. The Court, therefore, will deny Plaintiff's motion to amend. Plaintiff, however, may include these additional Defendants in his Amended Complaint, if he so chooses, in accordance with the terms of this Order.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural

13

requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend [Doc. 1-6 at 12-18] is **DENIED** in accordance with terms of this Order.

**IT IS FURTHER ORDERED** that Defendants' current deadline to answer Plaintiff's Complaint [3/28/2023 Text Order] is held in **ABEYANCE** until Plaintiff timely files an Amended Complaint.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: May 25, 2023

Martin Reidinger
Chief United States District Judge